FILED20 NOV '26 13:56USDC-ORP

Erica L. Proulx (WSBA No. 60155)
Pending *pro hac vice* motion
Kampmeier & Knutsen, PLLC
705 Second Avenue, Suite 901
Seattle, Washington 98104
Telephone: (206) 739-5184
Email: erica@kampmeierknutsen.com

Brian A. Knutsen (OSB No. 112266)
Emma A. O. Bruden (OSB No. 163525)
Kampmeier & Knutsen, PLLC
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
Telephone: (503) 841-6515 (Knutsen)
(503) 719-5641 (Bruden)
Email: brian@kampmeierknutsen.com
emma@kampmeierknutsen.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CENTER FOR FOOD SAFETY; and WILD FISH CONSERVANCY,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC AQUACULTURE – NESPELEM, LLC; and PACIFIC SEAFOOD AQUACULTURE, LLC,<br><br>Defendants. | Case No. 3:26-~~cv~~-MC-1161-AR<br>(E.D. Wash. Case No. 2:25-cv-00236-MKD)<br><br>PLAINTIFFS' MOTION TO COMPEL NON-PARTY DULCICH, INC.'S COMPLIANCE WITH DOCUMENT SUBPOENAS |



#118999

**REDACTED PURSUANT TO STIPULATED PROTECTIVE ORDER**

## CERTIFICATION UNDER LOCAL RULE 7-1

In compliance with Local Rule 7-1, counsel for Plaintiffs Center for Food Safety and Wild Fish Conservancy (collectively, "CFS") certifies that CFS and non-party Dulcich, Inc. ("Dulcich") made a good faith effort through a videoconference conferral to resolve this dispute but were unable to do so. *See* Decl. of Erica L. Proulx ¶¶ 15–16 ("Proulx Decl.").

## MOTION

Pursuant to Federal Rule of Civil Procedure 45 and Local Rules 26-3, 37, and 45, CFS respectfully moves the Court for an order compelling Dulcich to produce the documents sought by Plaintiffs' Subpoena to Dulcich, Inc. to Produce Documents ("First Subpoena") and Plaintiffs' Second Subpoena to Dulcich, Inc. to Produce Documents ("Second Subpoena").

## MEMORANDUM IN SUPPORT

### I. FACTUAL BACKGROUND

This matter involves a Clean Water Act ("CWA") citizen suit filed by CFS in the United States District Court for the Eastern District of Washington against two subsidiaries of Dulcich: Pacific Aquaculture – Nespelem, LLC and Pacific Seafood Aquaculture, LLC (collectively, "Pacific"). *See Ctr. for Food Safety, et al. v. Pac. Aquaculture – Nespelem, LLC, et al.*, E.D. Wash. No. 2:25-cv-00236-MKD (hereinafter "*CFS*"); *CFS* ECF Nos. 23 & 24.[1] Dulcich, [redacted], is an Oregon corporation with its principal place of business in Clackamas, Oregon. Proulx Decl. ¶ 4; *id.* Ex. 1 at 1; *id.* Ex. 7.

In the underlying lawsuit, CFS alleges that Pacific is operating commercial net pen aquaculture facilities in violation of the CWA and applicable CWA permits. *CFS* ECF No. 68

[1] For convenience, the Appendix attached hereto includes all docket entries, or relevant excerpts thereof, cited herein.

¶¶ 1, 33, 46, 66. The CWA citizen suit provision, as relevant, authorizes the court to order injunctive relief and civil penalties. 33 U.S.C. §§ 1365(a), 1319(d).

Discovery has been protracted. *CFS* ECF No. 31 ¶¶ 4–35. On October 17, 2025, CFS served Plaintiffs' First Set of Interrogatories and Requests for Production to Defendant Pacific Aquaculture – Nespelem, LLC ("Discovery Requests"). *Id.* ¶ 4. CFS's Request for Production No. 20 sought "all parts of [Pacific Aquaculture – Nespelem, LLC's] financial statements, including annual reports, profit/loss statements, balance sheets, income statements, statements of cash flow, notes, and letters and other documents from auditors, for each year from 2015 through the present." *Id.* at 40. Request for Production No. 22 sought that same information for Pacific's parent company, Dulcich. *Id.* at 41. On December 23, 2025, the court entered the parties' Stipulated Protective Order, which provides, inter alia, "third parties subpoenaed by one of the parties[] may designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case." *CFS* ECF No. 28 at 3.

Following extensive conferrals on myriad disputes with Pacific's responses to the Discovery Requests, on March 31, 2026, CFS filed Plaintiffs' First Motion to Compel and for Sanctions, *CFS* ECF No. 29. Among other things, CFS asked the court to compel production of Pacific's and Dulcich's financial records responsive to Request for Production Nos. 20 and 22. CFS ECF No. 29 at 9–10. In its response, Pacific failed to refute CFS's evidence supporting the relevancy of these records and did not offer any other arguments as to why the court should deny CFS's motion to compel them. *CFS* ECF No. 32 at 10–11.

On June 1, 2026, the Eastern District of Washington partially granted CFS's motion and found, as relevant here, that "[p]arent company financial records are typical in assessing the factors under the CWA for civil penalties" and "that production of financial documents from the

non-party Dulcich, Inc." "is relevant." *CFS* ECF No. 40 at 8–10 ("Order"). The court ordered Pacific to produce documents responsive to Request for Production Nos. 20 and 22 no later than June 15, 2026, but it limited the required production to financial records since 2020 instead of 2015 as CFS initially requested. *Id.* at 11.

In response, Pacific produced [redacted] Declaration of Jonathan S. Shefftz ¶¶ 14–15 ("Shefftz Decl.").

Additionally, Pacific moved the Eastern District of Washington to clarify the Order, arguing, for the first time, that Pacific "do[es] not actually have Dulcich, Inc.'s financial records and cannot produce them." *CFS* ECF No. 47 at 2. Pacific "recommended that [CFS] serve a subpoena to Dulcich, Inc. for relevant documents," and asked the court to clarify that it did not intend to compel Pacific to produce documents that Pacific purportedly does not possess. *Id.* at 2, 4. In response, CFS expressed skepticism in Pacific's new contention that it could not produce Dulcich's financial documents and requested the court reiterate its finding of relevance and discourage further gamesmanship and delay by Pacific. *CFS* ECF No. 49 at 2–5; *see also CFS* ECF No. 49-1 at 8–17 (explaining overlapping roles of corporate officials for Dulcich and Pacific); Proulx Decl. ¶ 17 & Ex. 7 [redacted]. The Eastern District of Washington has not yet ruled on Pacific's motion for clarification.

In an effort to avoid further delay, CFS also promptly served the First Subpoena directly on Dulcich on June 12, 2026. *CFS* ECF No. 92. The First Subpoena's request is identical to Request for Production No. 22, as modified by the Order. *Compare id.* at 9, *with CFS* ECF No.

31 at 41. Dulcich ignored that subpoena and failed to serve any objections by June 26, 2026, the deadline imposed by Rule 45(d)(2)(B). Proulx Decl. ¶¶ 7–9.

In another effort to avoid delay, CFS served the Second Subpoena on Dulcich on July 14, 2026, which contained an identical command as the First Subpoena. *CFS* ECF No. 93. Dulcich served Non-Party Dulcich, Inc.'s Response and Objections to Plaintiffs' Subpoena to Dulcich, Inc. to Produce Documents ("Objections") on July 28, 2026, asserting various general and specific objections. Proulx Decl. ¶ 13 & Ex. 5. Dulcich then stated that "[b]ased on and subject to the foregoing objections, Dulcich will not produce documents in response to the Request." *Id.* at 27.

## II. LEGAL STANDARD

Rule 45 authorizes the issuance of a subpoena commanding a non-party to produce documents in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). Objections to the subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If no objections are timely made, they are generally waived and the serving party may move to compel production. LR 26-5(a); *Arrowhead Cap. Fin., Ltd. v. Picturepro, LLC*, No. 21-56063, 2023 U.S. App. LEXIS 189, at *3 (9th Cir. Jan. 5, 2023); *Kadant Johnson, Inc. v. D'Amico*, No. 3:12-mc-00126, 2012 U.S. Dist. LEXIS 63162, at *2 (D. Or. May 4, 2012). If objections are timely made, the serving party may move to compel production of the documents withheld based on objections in the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B)(i).

The permissible scope of discovery through a Rule 45 subpoena is the same as that applicable to Rule 34, Rule 26(b), and the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment. "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). On a motion to compel subpoena compliance, the "movant has the initial burden of demonstrating the relevance of the discovery sought; the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted." *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 U.S. Dist. LEXIS 123295, at *6–7 (D. Or. July 12, 2024).

## III. ARGUMENT

The Court should reject Dulcich's request for the proverbial second bite at the apple. Pacific litigated and lost the very issues Dulcich asks this Court to revisit. While Dulcich will argue that it has not had an opportunity to be heard on these issues, there is little distinction between Dulcich and its tightly controlled subsidiaries. *See* Shefftz Decl. ¶¶ 7–8; *see also supra* at 4. The Court should compel production of the requested financial records.

### A. The Court Should Compel Production Under the First Subpoena.

The Court should hold that Dulcich's failure to timely respond to the First Subpoena waived any objections. The First Subpoena was served on Dulcich's registered agent on June 12, 2026. *CFS* ECF No. 92; *see also* Or. Civ. P. 7(D)(3)(b)(i); *Arrowhead*, 2023 U.S. App. LEXIS 189, at *2. Dulcich did not serve objections or otherwise respond within fourteen days as required under Rule 45(d)(2)(B). Proulx Decl. ¶¶ 8–9. Dulcich thereby waived any objections, and the Court should compel production of the requested documents under the First Subpoena. Fed. R. Civ. P. 45(d)(2)(B); LR 26-5(a); *Arrowhead*, 2023 U.S. App. LEXIS 189, at *3; *Kadant Johnson*, 2012 U.S. Dist. LEXIS 63162, at *8.

### B. Alternatively, the Court Should Compel Production Under the Second Subpoena.

CFS issued the Second Subpoena on July 14, 2026, commanding production of the same documents in an effort to avoid further delay and gamesmanship. *CFS* ECF No. 93. Dulcich

served its Objections on July 28 and did not produce any documents. Proulx Decl. ¶¶ 13, 16. Dulcich's primary objections are relevance, already rejected by the Eastern District of Washington, privacy, and burden.[2] *Id.* at 24–27. As explained below, these objections are all meritless. To the extent the Court considers Dulcich's untimely objections, the Court should nonetheless compel production.

1. The subpoenaed records are relevant.

As determined by the court handling the merits of this case, and contrary to Dulcich's objections, the subpoenaed documents are plainly relevant. Order at 8–10; Proulx Decl. at 26–27. Rule 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Here, the subpoenaed financial documents are relevant for assessing civil penalties and injunctive relief.

A CWA defendant's financial records are relevant because, in assessing civil penalties, the CWA requires courts to consider, inter alia, "the economic benefit (if any) resulting from the violation," "the economic impact of the penalty on the violator," "any good-faith efforts to comply with the applicable requirements," and "other matters as justice may require." 33 U.S.C. § 1319(d).

Contrary to Dulcich's contention, "the relevance of defendant's financial status to penalties rather than liability does not provide a basis for resisting discovery." *Cal. Sport Fishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-1207-GEB-AC, 2014 U.S. Dist. LEXIS

---

[2] This Motion focuses on Dulcich's "Specific Response to Request for Production" because Dulcich's general objections are either reiterated as specific objections or are undeveloped boilerplate objections, such as its completely unexplained and unfounded harassment objection. *See id.* at 24–27; *Wright v. Brewer*, No. CV 10-6118-PK, 2011 U.S. Dist. LEXIS 152159, at *9 (D. Or. Nov. 30, 2011) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." (citation and quotation marks omitted)).

144173, at *14–15 (E.D. Cal. Oct. 9, 2014); *contra* Proulx Decl. at 24 (Dulcich's objection to relevance, arguing "the parent company's financial statements have no bearing on [the] liability question"). Likewise, financial records do not become relevant only upon a defendant placing its ability to pay at issue. *E.g.*, *Re Sources for Sustainable Cmtys. v. Pac. Int'l Terminals, Inc.*, No. C11-2076-JCC, 2013 U.S. Dist. LEXIS 189460, at *5–8 (W.D. Wash. Jan. 8, 2013) (denying motion for protective order barring discovery of financial records despite defendant's arguments that those records were rendered irrelevant by assurances that it would not contest its ability to pay); *contra* Proulx Decl. at 24–25, 27 (Dulcich's argument to the contrary); *see also* Shefftz Decl. ¶¶ 9–16.

Furthermore, "[c]ases uniformly make clear that" "**consideration of a parent's assets is one factor**, among many, **that is appropriate** in a Clean Water Act case." *Idaho Conservation League v. Atlanta Gold Corp.*, 879 F. Supp. 2d 1148, 1167, 1170 (D. Idaho 2012) (emphasis added); *see also Waste Action Project v. Draper Valley Holdings, LLC*, No. C12-1870RSL, 2014 U.S. Dist. LEXIS 189098, at *2–3 (W.D. Wash. Jan. 23, 2014); *Re Sources for Sustainable Cmtys.*, 2013 U.S. Dist. LEXIS 189460, at *5–8; *United States v. Mun. Auth. of Union Twp.*, 150 F.3d 259, 268–69 (3d Cir. 1998); *contra* Proulx Decl. at 24, 27 (Dulcich's objection that its "financial statements have no bearing on [the civil penalty] inquiry"). This is especially true where, as here, the defendant is a wholly-owned subsidiary of the parent and the parent's relationship with its subsidiaries is inseparable. *See* Shefftz Decl. ¶¶ 7–8; *see also supra* at 4 (explaining that corporate officials overlap [redacted]). [redacted] *See* Shefftz Decl. ¶¶ 7–16.

In this CWA citizen suit, CFS asks the court to impose civil penalties for CWA violations. *CFS* ECF No. 68 at 35; Shefftz Decl. ¶¶ 9, 12. The subpoenaed financial records will enable CFS and the Eastern District of Washington to understand Pacific's financial condition and how that condition relates to Dulcich's financial condition, which will aid in assessing the economic impact of a penalty on Pacific. Shefftz Decl. ¶¶ 11, 17. It will also show whether Pacific has the resources to comply with the CWA, aiding in evaluation of Pacific's "good-faith efforts to comply" and "other matters as justice may require." 33 U.S.C. § 1319(d).

In addition to being relevant to civil penalties, the subpoenaed documents are also relevant to CFS's request for injunctive relief. *CFS* ECF No. 68 at 35; Shefftz Decl. ¶¶ 9, 17. For example, the documents could show that financial resources are available such that Pacific could promptly come into compliance with the CWA or could afford specific compliance measures. *See, e.g.*, *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 999–1001 (9th Cir. 2000) (explaining courts have broad latitude in balancing equities and issuing CWA injunctions); *Santa Monica Baykeeper v. Kramer Metals, Inc.*, No. CV 07-3849 DDP (FMOx), 2009 U.S. Dist. LEXIS 69130, at *9 (C.D. Cal. Feb. 27, 2009) ("[D]efendant's net worth and financial status are relevant" "to determine possible injunctive relief, *i.e.*, to determine whether that defendant can afford specific measures at its facility."); *United States v. Sweeney*, No. 2:17-cv-00112-KJM-JDP, 2025 U.S. Dist. LEXIS 132502, at *8 (E.D. Cal. July 10, 2025) (denying motion to alter CWA injunction found "to be achievable" after consideration of defendant's finances); *Idaho Conservation League v. Magar*, No. 3:12-cv-00337-CWD, 2015 U.S. Dist. LEXIS 18326, at *23 (D. Idaho Feb. 13, 2015) (considering defendant's financial condition in balancing the hardships and finding injunctive relief appropriate).

As the Eastern District of Washington found, Dulcich's financial documents are relevant to these proceedings. Order at 8–10. The Court should reject Dulcich's objections to the contrary.

2. Dulcich's Privacy Rights Are Adequately Protected.

Dulcich's objection to the Second Subpoena on the basis that the subpoenaed documents are confidential, proprietary, or commercially sensitive is also misplaced in light of the Stipulated Protective Order. Proulx Decl. at 27; *CFS* ECF No. 28 at 3.

Protective orders in underlying matters can adequately protect subpoenaed non-parties. *Re Sources for Sustainable Cmtys.*, 2013 U.S. Dist. LEXIS 189460, at *8; *Cornell Cap. LLC v. Pac. Inv. Mgmt. Co. LLC*, No. 8:26-mc-00012 FWS (ADS), 2026 U.S. Dist. LEXIS 201641, at *9, 12 (C.D. Cal. Sep. 4, 2026); *see also* Shefftz Decl. ¶ 20. Further, protective orders can sufficiently mitigate confidentiality concerns related to financial records. *See, e.g.*, *Friends of Maha'Ulepu, Inc. v. Hawai'i Dairy Farms, LLC*, No. 15-00205 LEK-KJM, 2016 U.S. Dist. LEXIS 191725, at *10–11 (D. Haw. Sep. 2, 2016) (ordering production of financial documents subject to a protective order); *Cal. Sportfishing Prot. All.*, 2014 U.S. Dist. LEXIS 144173, at *13–14 ("a party's interest in the confidentiality of financial information may be adequately addressed via a protected order"); *Waste Action Project*, 2014 U.S. Dist. LEXIS 189098, at *3–4 (compelling defendant to produce parent's financial statements subject to stipulated protective order).

Here, the Stipulated Protective Order protects Dulcich's concerns because it allows third parties to designate information as confidential to prevent public disclosure. *CFS* ECF No. 28 at 3; *Re Sources for Sustainable Cmtys.*, 2013 U.S. Dist. LEXIS 189460, at *8. Dulcich therefore

cannot meet its burden of showing that privacy concerns should prevent discovery. *Fed. Trade Comm'n*, 2024 U.S. Dist. LEXIS 123295, at *6–7.

3. The Subpoenas Are Appropriately Tailored and Do Not Impose Undue Burden.

The Court should also reject Dulcich's objections that the Second Subpoena is "overbroad" and subjects Dulcich to "significant expense and undue burden in responding." Proulx Decl. at 25, 27.

A discovery request seeking "all documents" is not automatically overbroad. *See, e.g.*, *United States v. Bayley*, No. 3:20-cv-05867-DGE, 2022 U.S. Dist. LEXIS 63592, at *6–8 (W.D. Wash. Apr. 5, 2022) ("Plaintiff's requests for 'all documents' are permissibly phrased as they ensure all discoverable material is provided."); *Santa Monica Baykeeper*, 2009 U.S. Dist. LEXIS 69130, at *17–20; *Dence v. Wellpath, LLC*, No. 1:20-cv-00671-CL, 2022 U.S. Dist. LEXIS 193981, at *5–19 (D. Or. Oct. 25, 2022); *contra* Proulx Decl. at 25, 27 (Dulcich's objection based on the subpoena's use of "all"). The Second Subpoena seeks documents only for the relevant statute of limitations period and is otherwise appropriately tailored to obtain necessary records for expert analyses. *See* Order at 10; Shefftz Decl. ¶¶ 4–20.

Dulcich also cannot show that the Second Subpoena subjects it to significant expense or undue burden. Proulx Decl. at 25; *see Fed. Trade Comm'n*, 2024 U.S. Dist. LEXIS 123295, at *6–7. On the contrary, the requested documents likely amount to a single file for each year. Shefftz Decl. ¶ 19.

## IV. CONCLUSION

For the foregoing reasons, CFS respectfully requests that the Court grant CFS's motion to compel.

RESPECTFULLY SUBMITTED this 20th day of November 2026.

KAMPMEIER & KNUTSEN PLLC

By: s/ Erica L. Proulx
Erica L. Proulx (WSBA No. 60155)
Pending *pro hac vice* motion
705 Second Avenue, Suite 901
Seattle, Washington 98104
Telephone: (206) 739-5184
Email: erica@kampmeierknutsen.com

By: s/ Brian A. Knutsen
Brian A. Knutsen (OSB No. 112266)
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515
brian@kampmeierknutsen.com

By: s/ Emma A. O. Bruden
Emma A. O. Bruden (OSB No. 163525)
1300 SE Stark Street, Suite 202
Portland, Oregon 97214
(503) 719-5641
emma@kampmeierknutsen.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This motion and memorandum complies with the applicable word-count limitation under Local Rules 7-2(b) and 26-3(b) because it contains 2,954 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

s/ Erica L. Proulx
Erica L. Proulx, WSBA No. 60155
Pending *pro hac vice* motion